IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHAEFFER COLEMAN,      ] | |
|                        ] | |
| Petitioner,            ] | |
|                        ] | |
| v.                     ] | CIVIL ACTION NO. 08-RRA-0403-E |
|                        ] | |
| WARDEN DEVILLE, et al.,] | |
|                        ] | |
| Respondents.           ] | |

### MEMORANDUM OPINION

This is a habeas corpus petition. The magistrate judge entered a report and recommendation, recommending that the petition be dismissed, because it is a successive petition and the petitioner has not obtained the required authorization from the Eleventh Circuit Court of Appeals to file a successive petition in this court.

The petitioner has filed objections to the report and recommendation. In support of his objections, Shaeffer argues as follows:

> Petitioner did, in fact, file a writ of habeas corpus in this court on October 1, 2003, however, that particular writ only raised issues of denial of effective assistance of counsel. The claims that petitioner has raised in the writ at bar arise from a prior conviction that was challenged in a Rule 32 Petition on October 17, 2001 and then determined to be invalid. The prior conviction was later noll prossed on Feb. 4, 2004 after which the procedures for which his first writ of habeas corpus was too far gone to include because this court will not address a claim that was not raised in state court. Petitioner also raised a claim of Actual Innocence that was never addressed by either State Court or Federal Court. These claims that petitioner has raised in this writ are not subject to the procedural bars of a second or successive petition, therefor[e], the Magistrate Judge's report and recommendation is in error. The Federal Courts have a duty to ensure fairness and equality to individuals filing in a U.S. Court, especially when State Court officials are the subject of a malicious prosecution claim that, if proven, will result in detrimental damage to the career and reputation of one of the State's most prominent prosecuting attorneys. It is the

responsibility of the Federal Court to prevent a manifest injustice where the possibility is clear and present.

It appears that the petitioner is arguing that the petition is not successive because he is now raising new grounds that were not raised in the prior petition. The petitioner is correct that the claims he is now raising are different from the ineffective assistance of counsel claims he raised in his earlier petition.[1] But, that does not mean the petition is not successive.

Title 28, United States Code, Section 2244(b)(2), provides that any claim raised in a habeas application "that was not presented in a prior application" must be rejected and dismissed unless one of two narrow circumstances is present:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In addition to arguing that his claims are appropriate in a successive petition because they are not the same claims he raised in his original petition, the petitioner appears to argue that the exception set forth in § 2244(b)(2)(B) permits him to raise his claims in a successive petition. However, the court notes that, according to Coleman's own version of the facts, his attempted rape conviction was overturned in February, 2004. He reasons that he could not have included these claims in his prior

---

[1] In his previous petition, Coleman raised a variety of ineffective assistance of counsel claims. In support of the current petition, Coleman raises claims of actual innocence and illegal sentence. These grounds appear to be based upon his assertion that his indictment for and conviction of the rape and sodomy convictions he now challenges were based upon his prior conviction for attempted rape, and that the attempted rape conviction has now been overturned.

petition, which was pending in February, 2004, because "his first writ of habeas corpus was too far gone to include because this court will not address a claim that was not raised in state court."

In any event, § 2244(b)(3)(A) explicitly provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Consequently, even assuming that the petitioner can make a showing that one of the exceptions to § 2244(b)(2) applies, he must first seek relief in the Eleventh Circuit Court of Appeals. It is undisputed that Coleman has not sought or obtained authorization from the Eleventh Circuit Court of Appeals to file a successive petition in this court.

The court has considered the entire file in this action, including the report and recommendation and the petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. This habeas petition is due to be dismissed. An appropriate order will be entered.

**DONE** this the 27th day of March, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge